UNITED STATES DISTRICT COURT
                         NORTHERN DISTRICT OF INDIANA
                             FORT WAYNE DIVISION


UNITED STATES                )
                             )
      v.                     )         CAUSE NO.:  1:07-CR-68-TLS
                             )
TAUREAN L. HAYDEN            )

                              **OPINION AND ORDER**

       On August 7, 2013, this Court entered an Opinion and Order denying Defendant Taurean L. Hayden's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, and also denying all grounds for relief raised in the Defendant's additional filings. The Clerk entered final judgment against the Defendant on his § 2255 Motion on August 7.

       On August 15, the Defendant filed a Motion for Leave to Supplement Pursuant to Rule 15 [ECF No. 130]. In his Motion, he requests leave to amend his § 2255 Motion to add a claim pursuant to the United States Supreme Court's recent decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013). The *Alleyne* court held that "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury." *Id.* at 2155. The Defendant argues that because at sentencing this Court sentenced him based on an increased drug quantity, he should receive a resentencing under *Alleyne*.

       Because the Court has already entered final judgment in this matter, the Defendant's request to amend his § 2255 Motion is too late. The Seventh Circuit has stated that "part of every civil case . . . is an entitlement to add or drop issues while the litigation proceeds." *Johnson v. United States*, 196 F.3d 802, 805 (7th Cir. 1999). Accordingly, "[a] prisoner receives one complete round of litigation, which as in other civil suits includes the opportunity to amend a

pleading before judgment." *Id.*; *see also Vitrano v. United States*, 643 F.3d 229, 233–34 (7th Cir. 2011) ("'a proposal to amend one's first motion is not a second motion,' at least when the first has not yet reached a final decision" (quoting *Johnson*, 196 F.3d at 804) (citation and internal quotation marks omitted)); *Rutledge v. United States*, 230 F.3d 1041, 1051 (7th Cir. 2000) ("Until a final ruling has been issued, a district court must consider a petitioner's request to amend his § 2255 motion, though the court need not grant the requested amendments.").

"[A]ny post-judgment motion in a criminal proceeding that fits the description of a motion to vacate, set aside, or correct a sentence set forth in the first paragraph of section 2255 should be treated as a section 2255 motion." *United States v. Carraway*, 478 F.3d 845, 848 (7th Cir. 2007). The Court must, therefore, consider whether it has jurisdiction to hear the Defendant's new § 2255 motion. United States Code Section 2255(h) states:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

When a Defendant wishes to file a second § 2255 motion the procedure is clear—a defendant whose case was heard within the Seventh Circuit must apply to the Seventh Circuit for leave to file such a motion.

Although the Defendant styled his motion as a Motion for Leave to Supplement, now that the Court has entered judgment on his § 2255 Motion he is raising a new argument concerning the constitutionality of his conviction and sentence. The Court need not reach the merits of this

claim[1] to apply the *Carraway* standard. The Defendant does not assert that the Seventh Circuit has granted him leave to file a second motion. Absent such showing, this Court lacks jurisdiction to hear the motion, and his Motion for Leave to Supplement fails for lack of jurisdiction.

**CERTIFICATE OF APPEALABILITY**

Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Rule 11 of Rules Governing Section 2255 Proceedings. The substantial showing standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation marks omitted); *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983). Where, as here, the district

---

[1] The Seventh Circuit recently stated that the *Alleyne* court "did not declare that its new rule applies retroactively on collateral attack," *Simpson v. United States*, — F.3d —, 2013 WL 3455876, at *1 (7th Cir. July 10, 2013), and that the implication is "that the Court will not declare *Alleyne* to be retroactive," *id.* It appears unlikely, therefore, that the Seventh Circuit would grant the Defendant leave to proceed with his second and successive § 2255 motion. Moreover, the Defendant pled guilty and admitted to possessing with the intent to distribute more than 500 grams of cocaine, thus admitting the facts that substantiated his mandatory minimum ten year sentence. His mandatory minimum sentence was also based on his prior conviction for a felony drug offense, but that is not a fact to be submitted to a jury. *See Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."); *Alleyne*, 133 S. Ct. 2160 n.1 (declining to revisit the "narrow exception . . . for the fact of a prior conviction"). Thus, the *Alleyne* rule could not affect the Defendant's sentence. *See United States v. Wimberly*, — F. App'x —, 2013 WL 3214988, at *1 (6th Cir. June 26, 2013) ("[T]he holding of *Alleyne* is irrelevant to this case because [the defendant] entered a guilty plea and specifically admitted [to] . . . the fact used to support his mandatory minimum sentence.").

3

court has rejected the constitutional claim on procedural grounds, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. The defendant is not required to show that he will ultimately succeed on appeal. *Miller-El v. Cockrell*, 537 U.S. 322, 337, 342 (2003) (stating that the question is the "debatability of the underlying constitutional claim, not the resolution of that debate").

Rule 11(a) permits a district court to direct the parties to submit arguments on whether a certificate of appealability should issue. Additional argument is not necessary here. The constitutional issue presented by the Defendant's Motion is whether he should receive resentencing under *Alleyne*. Because this Court lacks jurisdiction to hear such a second and successive claim, the Defendant cannot make the necessary showing that reasonable jurists would find it debatable whether this Court was correct in its procedural ruling. Consequently, the Court will deny a certificate of appealability as to the Defendant's Motion for Leave to Supplement.

## CONCLUSION

For the foregoing reasons, the Court DENIES the Defendant's Motion for Leave to Supplement Pursuant to Rule 15 [ECF No. 130], and DENIES the Defendant a certificate of appealability.

SO ORDERED on August 29, 2013.

    s/ Theresa L. Springmann
THERESA L. SPRINGMANN

UNITED STATES DISTRICT COURT