UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CASE NO.: 1:07-CR-68-HAB |
| ) | |
| TAUREAN L. HAYDEN ) | |

**OPINION AND ORDER**

Taurean L. Hayden ("the Defendant") filed a Renewed Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A) (ECF No. 184). On July 22, 2020, the Government and Defendant's counsel filed an agreed resolution of Defendant's compassionate release request for the Court's review and decision. (ECF No. 189).[1] For the following reasons, the Court concludes that extraordinary and compelling circumstances exist warranting the GRANT of the Defendant's Renewed Motion for Compassionate release.

**DISCUSSION**

The Defendant is serving a term of imprisonment for his convictions for possessing with intent to distribute cocaine (21 U.S.C. § 841) and carrying a firearm during and in relation to a drug trafficking crime (18 U.S.C. § 924(c)). He has been imprisoned since July 2007 and his projected release date is in September 2022. Defendant is incarcerated at the federal correctional institution in Mississippi known as Yazoo City Medium.

Defendant requests that the Court reduce his sentence so that he may be released to time-served or to home confinement for the balance of his sentence. Defendant, who is thirty-eight

---

[1] The parties' agreement indicates that the BOP consents to the Government's agreement with Defendant and his counsel. (ECF No. 189 at 2).

years old, submits that his current medical condition, chronic kidney disease, combined with the risks associated with COVID-19, present extraordinary and compelling reasons for the reduction.

Generally, a court is statutorily prohibited from modifying a term of imprisonment once imposed. *See* 18 U.S.C. § 3582(c). A handful of statutory exceptions exist, however, one of which allows a court to grant an inmate compassionate release if the inmate meets certain requirements. *See* 18 U.S.C. § 3582(c)(1)(A). Under this provision, a court may not modify a term of imprisonment except that –

(1) in any case --

(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, . . . finds that—

(i) extraordinary and compelling reasons warrant such a reduction …

… and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A)(i).

The Government concedes that the Defendant made a new compassionate release request to the Warden at his facility. It further concedes that more than 30 days have lapsed since Defendant sought such administrative relief and the Warden has not responded. Thus, there being no dispute that Defendant exhausted his administrative remedies, the Court's focus turns to the substantive basis for Defendant's motion.

Congress did not define "extraordinary and compelling reasons" in the statute, instead delegating the matter to the Sentencing Commission to promulgate a policy statement that "describe[s] what should be considered extraordinary and compelling reasons for sentence

2

reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). The policy statement, contained in United States Sentencing Guidelines ("U.S.S.G.") § 1B1.13 and the accompanying Application Notes, in line with the statutory directive in § 3582(c)(1)(A), requires a court to make several findings.

First, the court must address whether "[e]xtraordinary and compelling reasons warrant the reduction" and whether the reduction is otherwise "consistent with this policy statement." U.S.S.G. § 1B1.13(1)(A), (3). To this end, a court is to consider the medical condition of the defendant, his age, his family circumstances, and whether there exists in the defendant's case an extraordinary or compelling reason "other than or in combination with" the other reasons described in the Application Notes. Second, the Court must determine whether the Defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Finally, the Court must consider the § 3553(a) factors, "to the extent they are applicable." U.S.S.G. § 1B1.13.

Additionally, when the Defendant moves for a reduction based on COVID-19, Courts have also considered: (1) the specificity of the defendant's COVID-19 concerns, (2) whether the defendant has a medical condition that makes him especially susceptible to the dangers of COVID-19, and (3) the extent that the defendant's release would mitigate or aggravate the COVID-19 pandemic. *See United States v. Council*, No. 1:14-CR-14-5-TLS-SLC, 2020 WL 3097461, at *5–7 (N.D. Ind. June 11, 2020); *United States v. Barrett*, No. 2:17-CR-1, 2020 WL 3264112, at *3 (N.D. Ind. June 17, 2020); *see also United States v. Davis*, No. 2:19-CR-74-3, 2020 WL 1951652, at *1–2 (N.D. Ind. Apr. 23, 2020) (applying similar factors to consider whether there was a "compelling reason" for pretrial release due to the COVID-19 pandemic). In the context of the COVID-19 pandemic, "§ 3582(c)(1)(A) contemplates a sentence reduction for specific individuals

based on the individuals' particular circumstances of where he is housed and his personal health conditions." *See Council*, 2020 WL 3097461, at *5; *United States v. Melgarejo*, No. 12-cr-20050, 2020 WL 2395982, at *3 (C.D.Ill. May 12, 2020).

As noted above, the Defendant suffers from chronic kidney disease and has filed substantial documentation supporting his condition. Defendant's Renewed Motion contains a lengthy recitation of the seriousness of his condition and notes that Dr. Salim, a nephrologist treating Defendant on March 19, 2020,[2] noted that the "[r]isk of progressive kidney disease is high with poor prognosis." Defendant's counsel outlines a serious progression of illness for Defendant including referrals to an oncologist. In their agreed filing, the Government does not dispute the Defendant's condition or its gravity. The parties agree that Defendant's release will enable him to receive appropriate medical treatment outside the confines of the BOP.

Moreover, the parties note that the Center for Disease Control has issued a revised list of certain underlying medical conditions recognized that makes a person more susceptible to the virus and increases the likelihood of severe consequences from COVID-19. The revised list notes that people of any age "having chronic kidney disease of any stage increases your risk for severe illness form COVID-19."[3] Accordingly, the Court concludes that the Defendant has a serious medical

---

[2] Defendant's counsel indicates that the BOP was not forthcoming with providing the details of Defendant's medical treatment at the facility at the time of his original Motion for Compassionate Release and that obtaining documents on his behalf was hindered by the BOP. Counsel states that the BOP withheld information about the Defendant's March 19, 2020 treatment by Dr. Salim even after the information was requested by both Defendant and his counsel. (ECF No. 184 at 3). Moreover, with respect to counsel's attempts to obtain medical records to support the present renewed motion, the BOP has been uncooperative. Defense counsel does acknowledge, however, that the Government has been instrumental in making record requests to the BOP and that those requests are typically responded to in timely fashion.

[3] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html#chronic-kidney-disease

condition that substantially increases his risks from COVID-19 and qualifies as an extraordinary and compelling circumstance under the compassionate release provisions.

With respect to some of the additional factors, the § 3553(a) factors weigh in favor of the Defendant's release. Defendant has been incarcerated since 2007 and is just over two years shy of completing his executed sentence. While his sentence was imposed to reflect the seriousness of the offense, promote respect for the law as well as to afford adequate deterrence and to protect the public from further crimes of the defendant, the Court finds that the sentence reduction Defendant seeks, would not greatly undermine the above statutory purposes of sentencing. Moreover, the Court shall impose upon Defendant as an additional condition of supervised release, a condition of home confinement of two years. This added condition reinforces the statutory purposes of sentencing and aids in protecting the public from further crimes of the Defendant.

In sum, this Court finds that extraordinary and compelling circumstances exist for the Defendant's release and that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission. The Court further concludes that a reduction of sentence to time served with an added supervised release condition of home confinement for 2 years is consistent with, and warranted by, the § 3553(a) factors. Additionally, the Court ORDERS that the Defendant's release from the BOP facility be conditioned on his successful completion of the quarantine protocol established by the BOP.

## **CONCLUSION**

Based on the foregoing, the Defendant's Motion (ECF No. 184) is GRANTED. The Defendant's sentence is modified to TIME SERVED. By way of separate docket entry, the Court shall issue Amended Conditions of Supervised Release consistent with this Opinion and Order.

The Defendant is ORDERED to complete the quarantine protocol required by the BOP prior to his release from incarceration.

So ORDERED on July 23, 2020.

                                           s/ *Holly A. Brady*  
                                           JUDGE HOLLY A. BRADY  
                                           UNITED STATES DISTRICT COURT